**SANDERS LAW GROUP**
Craig B. Sanders, Esq. (Cal Bar 284397)
333 Earle Ovington Blvd., Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 126756

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RDK NY INC, <br><br> Plaintiff, <br><br> v. <br><br> Salem Media Group, Inc., <br><br> Defendant. | Case No: <br><br> **COMPLAINT FOR** <br> (1) **Copyright Infringement under 17 U.S.C §501** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff RDK NY INC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Salem Media Group, Inc. ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §501.

2. Plaintiff created a video of a man confronting animal rights activists in New York (the "Video") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant is a media company which owns and operates a website at

domain redstate.com (the "*Website*").

4. Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed the Video on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5. RDK NY INC is a New York Corporation and maintains its principal place of business in Kings County, New York.

6. On information and belief, defendant Salem Media Group, Inc., is a California Corporation with a principal place of business at 4880 Santa Rosa Road, Camarillo, CA 93012, Santa Rosa Valley in Ventura County, California.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in California.

9. Venue is proper under 28 U.S.C. §1391(a)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.** **Plaintiff's Copyright Ownership**

10. Plaintiff is a professional Videographer by trade who is the legal and rightful owner of certain Videos which Plaintiff commercially licenses.

11. Plaintiff has invested significant time and money in building Plaintiff's Video portfolio.

12. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's Videos while many others are the subject of pending copyright applications.

13. Plaintiff's Videos are original, creative works in which Plaintiff owns protectable copyright interests.

14. On August 27, 2022, Plaintiff authored the Video. A copy of a frame from the Video is attached hereto as Exhibit 1 for reference.

15. In creating the Video, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image.

16. On August 31, 2022, the Video was registered by USCO under Registration No. PA 2-374-295.

17. Plaintiff published the Video by placing it on Twitter with for the purpose of display and/or public distribution.

**B.  Defendant's Infringing Activity**

18. Defendant is the registered owner of the Website and is responsible for its content.

19. Defendant is the operator of the Website and is responsible for its content.

20. The Website is a key component of Defendant's popular and lucrative commercial enterprise.

21. The Website is monetized in that it contains paid advertisements and, on information and belief, Defendant profits from these activities.

22. On or about August 28, 2022, Defendant displayed a still frame it extracted from the Video on the Website as part of an on-line story at URL https://redstate.com/bonchie/2022/08/28/watch-man-becomes-legend-after-confronting-animal-rights-activists-in-hilarious-fashion-n619206. A copy of a screengrab of the Website including the still-frame from Video is attached hereto as Exhibit 2.

23. The image from the Video was stored at URL: https://redstate.com/wp-

content/uploads/media/2022/08/Vegan-Guy-730x0.png.

24. Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed elements from Plaintiff's copyright protected Video on the Website.

25. Plaintiff first observed and actually discovered the Infringement on August 29, 2022.

26. On information and belief, the frame from Video was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Video (hereinafter all of the unauthorized uses set forth above are referred to as the "*Infringement*").

27. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5).*

28. The Infringement is an exact copy of Plaintiff's original image that was directly copied and displayed by Defendant on the Website.

29. On information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Video.

30. On information and belief, Defendant directly contributes to the content posted on the Website by, *inter alia*, directly employing reporters, authors and editors as its agents, including but not limited to Bonchie who Defendant describes as the front-page contributor for the Website (https://redstate.com/author/bonchie) (the "*Employees*").

31. On information and belief, at all material times the Employees were acting within the course and scope of their employment when they posted the

Infringement.

32. On information and belief, at all material times the Employees were acting within the course and scope of their agency when they posted the Infringement.

33. Prior to commencing this litigation, Plaintiff communicated with Defendant concerning this matter. Despite those efforts, Plaintiff was unable to resolve this matter without the necessity of filing this complaint.

34. On information and belief, the Video was willfully and volitionally posted to the Website by Defendant.

35. On information and belief, the Infringement was not posted at the direction of a "user", as that term is defined in 17 U.S.C. §512(c).

36. On information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

37. On information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

38. On information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

39. On information and belief, Defendant monitors the content on its Website.

40. On information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

41. On information and belief, the Infringement increased traffic to the

Website and, in turn, caused Defendant to realize an increase in its advertising revenues and/or merchandise sales.

42. On information and belief, a large number of people have viewed the unlawful copies of the Video on the Website.

43. On information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

44. Plaintiff created the Video with the intention of it being used commercially and for the purpose of display and/or public distribution.

45. Defendant's use of the Video harmed the actual market for the Video.

46. Defendant's use of the Video, if widespread, would harm Plaintiff's potential market for the Video.

47. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

48. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

49. The Video is an original, creative work in which Plaintiff owns a valid copyright.

50. The Video is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

51. Plaintiff has not granted Defendant a license or the right to use the Video in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

52. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and

illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

53. Defendant's reproduction of the Video and display of the Video constitutes willful copyright infringement.

54. On information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Video in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Video without Plaintiff's consent or authority, by using it on the Website.

55. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

56. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

57. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

58. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on

Plaintiff's rights to the Video in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

    a.    finding that Defendant infringed Plaintiff's copyright interest in and to the Video by copying and displaying it without a license or consent;

    b.    for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

    c.    for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

    d.    for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

    e.    for pre-judgment interest as permitted by law; and

    f.    for any other relief the Court deems just and proper.

DATED: May 9, 2023

**SANDERS LAW GROUP**

By: */s/ Craig B. Sanders*
Craig B. Sanders, Esq. (Cal Bar 284397)
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 126756

*Attorneys for Plaintiff*